NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYNA ESMERALDA SANCHEZ-ARGUETA,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No. 22-1685

Agency No.
A212-998-137

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2023
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and BAKER, Judge.[**]

Reyna Sanchez-Argueta, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") affirmance of an

Immigration Judge's ("IJ") decision denying her applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant in part and deny in part the petition, and remand Sanchez-Argueta's applications for asylum and withholding of removal to the BIA.

We review the BIA's "legal conclusions *de novo*" and "review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citing *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)).

The BIA's analysis of Sanchez-Argueta's asylum and withholding of removal claims was legally flawed. "To establish asylum eligibility, an applicant must show that he is unable or unwilling to return to his country of nationality 'because of persecution or a well-founded fear of persecution on account of'" a protected ground. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). An applicant alleging persecution by nonstate actors has the burden of establishing that "the government was unable or unwilling to control" her persecutors. *Id.* (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)). In analyzing the unable-or-unwilling requirement, the BIA must consider *both* the government's "willingness to control" the persecutors and "its *ability* to do so," the latter of which requires the BIA to "examine the efficacy"

of the government's protective efforts. *Id.* at 506; *see also Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1072 (9th Cir. 2017) (en banc) (emphasizing, in evaluating the unable-or-unwilling requirement, the need to consider "actual country conditions" and the *de facto* reality of a government's protective efforts).

In concluding that the Salvadoran government is willing and able to protect Sanchez-Argueta, the BIA analyzed only its *efforts* to bring her perpetrators to justice. It did not, however, analyze the Salvadoran government's *ability* to protect her, *i.e.*, the efficacy of those efforts. We therefore grant Sanchez-Argueta's petition in part and remand to the BIA with respect to her applications for asylum and withholding of removal for the BIA "to consider in the first instance whether the" Salvadoran government "is *able* to control" Sanchez-Argueta's persecutors. *Madrigal*, 716 F.3d at 507.

Substantial evidence supports the BIA's determination that Sanchez-Argueta failed to establish eligibility for CAT relief. "An applicant is eligible for CAT relief if he establishes that it is more likely than not that he or she would be tortured"—meaning subjected to "severe pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"—"if removed to the proposed country of removal." *Id.* at 508 (internal quotation marks omitted) (quoting 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1)). "Thus, a CAT applicant must show . . . that a

public official would inflict, instigate, consent to or acquiesce in [the] torture." *Id.* (internal citation omitted) (first citing *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011); then citing 8 C.F.R. § 208.18(a)(1)). "Acquiescence" requires prior awareness of the torture and breach of a legal responsibility to intervene. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (citing 8 C.F.R. § 208.18(a)(7)).

In concluding that she failed to prove consent or acquiescence, the BIA considered the entirety of the record, including the Salvadoran government's efforts to investigate Sanchez-Argueta's attackers and country conditions evidence. *See Madrigal*, 716 F.3d at 508–09 (BIA must consider all evidence relevant to a CAT claim, including country conditions evidence). And unlike for her asylum and withholding of removal claims, the BIA weighed evidence relating to "the efficacy of the government's efforts" to protect Sanchez-Argueta, including the alleged ineffectiveness of Salvadoran authorities' efforts to respond to violence against women and girls. *Id.* at 509; *see Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). The BIA also reasonably focused its analysis on Sanchez-Argueta's interactions with law enforcement in the aftermath of her attack, as the record nowhere showed that the Salvadoran government was aware that she received subsequent death threats. Nor

was there any direct evidence that Salvadoran authorities had prior awareness of or played a role in her attack.  And no concrete evidence showed that law enforcement contributed to the subsequent death threats against her; rather, evidence suggested that Sanchez-Argueta herself told gang members that she intended to cooperate with police.  On this record, a "reasonable adjudicator" would not be "compelled to conclude" that the Salvadoran government consented to or acquiesced in Sanchez-Argueta's torture.  *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020).  We therefore deny Sanchez-Argueta's petition in part with respect to her CAT claim.

**PETITION GRANTED AND REMANDED IN PART, AND DENIED IN PART.  Sanchez-Argueta shall be awarded costs on appeal.**